UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| EARL GARY EASTWOOD, JR. and<br>SARAH LYNN LYONS EASTWOOD,<br>Plaintiffs, | CIVIL ACTION NO. __________<br><br>JUDGE ____________________ |
| VERSUS | MAG. JUDGE _______________ |
| LEGACY HOUSING CORPORATION and<br>STATE FARM FIRE AND CASUALTY<br>COMPANY,<br>Defendants. | JURY TRIAL DEMANDED |

**COMPLAINT FOR DAMAGES, ATTORNEY FEES AND COSTS**

Plaintiffs, Earl Gary Eastwood, Jr. and Sarah Lynn Lyons Eastwood, through undersigned counsel, allege as follows:

**I.**

**PARTIES**

1.

Plaintiffs Earl Gary Eastwood, Jr. and Sarah Lynn Lyons Eastwood are domiciled in Rapides Parish, Louisiana, and own the manufactured home located at 23 Tatoo Road, Glenmora, Louisiana 71433.

2.

Defendant Legacy Housing Corporation ("Legacy") is a Texas corporation with its principal place of business in Texas. Legacy manufactured the subject home and is a "builder" within the meaning of the Louisiana New Manufactured and Modular Home Warranty Act ("NMMHWA"), La. R.S. 51:912.1 et seq.

3.

Defendant State Farm Fire and Casualty Company ("State Farm") is an Illinois corporation with its principal place of business in Illinois. State Farm issued Homeowners Policy No. 18-CL-K667-5 covering the subject property and adjusted Claim No. 18-0G7Q-283.

## II.

## JURISDICTION AND VENUE

4.

This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of Louisiana, Legacy is a citizen of Texas, and State Farm is a citizen of Illinois.

5.

The amount in controversy exceeds $75,000, exclusive of interest and costs. The purchase agreement reflects a home price exceeding $90,000. Plaintiffs seek the reasonable cost of repair or replacement under the NMMHWA, statutory attorney fees, insurance benefits, and other relief in an amount alleged in good faith to exceed the jurisdictional threshold.

6.

Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the home is located in Rapides Parish and a substantial part of the events and omissions giving rise to the claims occurred there. Rapides Parish is within the Alexandria Division of the Western District of Louisiana.

7.

The claims against Legacy and State Farm arise from the same home and overlapping events and present common questions concerning causation, the scope of damage, and allocation of responsibility. Plaintiffs plead alternative theories as permitted by Fed. R. Civ. P. 8(d) and do not seek double recovery.

## III.

## FACTUAL ALLEGATIONS

8.

The subject home is a new 2021 Legacy Housing manufactured home, model C-1684-42B, serial number L117236, HUD label NTA2021861. The financing and closing transaction occurred on December 17, 2021, when closing documents identified Plaintiffs as owners of the manufactured home. Plaintiffs first occupied the home later.

9.

The home exhibited problems while still new. During 2022, Plaintiffs repeatedly reported roof and rafter problems, roof or ceiling leakage, and soft or uneven flooring to the dealer and Legacy and sought repairs. The nature and extent of the latent structural condition now alleged were not then known to Plaintiffs.

10.

Plaintiffs also experienced problems with the home's original air-conditioning system. In April 2025, they sought identifying information needed for repair and reported being without air conditioning for 11 days; the dealer referred them to Legacy for assistance. Earl Eastwood ultimately financed a new HVAC system in March 2026. The

later HVAC work does not account for the roof, rafter, leakage, and soft-floor conditions documented beginning in 2022.

11.

On June 20, 2026, a severe weather event was accompanied by substantial water intrusion into the home. Plaintiffs documented water entering through ceilings and walls and resulting interior damage.

12.

An independent roof inspection in August 2026 documented widespread installation and workmanship deficiencies in the roofing system and recommended removal and replacement of the roofing system together with inspection of the decking and supporting components. Plaintiffs contend that those deficiencies have contributed to recurrent water intrusion and interior damage.

13.

Plaintiffs allege, based on the history of early rafter and leakage complaints, the continuing conditions, and subsequent inspections, that the home contains one or more covered defects in the roof-framing system and/or related load-bearing components attributable to Legacy. Plaintiffs further allege that the conditions have impaired the use and habitability of the home to the point that they have been unable to occupy it and are temporarily staying elsewhere. The precise defective components, degree of structural impairment, and necessary cure will be established through expert testimony and discovery.

14.

On August 21, 2026, Plaintiffs submitted a consumer complaint to the Louisiana Manufactured Housing Commission. The Commission received and accepted the complaint under La. R.S. 51:912.5, notified Legacy and the other registrants, and inspected the home on October 14, 2026, with a Legacy representative present.

15.

The Commission's October 22, 2026 report assigned manufacturer responsibility for identified conditions including a continuing rain leak and a missing whole-house ventilation-fan roof jack and also documented soft floors, elevated moisture levels, and ceiling staining. Legacy has had notice and an opportunity to investigate and address the complained-of conditions, but the claimed underlying defects and resulting damage have not been fully cured.

## IV.

## STATE FARM CLAIM

16.

State Farm insured the residence under Homeowners Policy No. 18-CL-K667-5. Plaintiffs timely reported the June 20, 2026 loss and cooperated with State Farm's investigation.

17.

The policy provides Coverage A for accidental direct physical loss to the dwelling unless excluded or limited and contains resulting-loss language applicable to certain otherwise excluded conditions, including defective construction or workmanship and weather conditions.

18.

State Farm initially denied the roof claim, asserting that no accidental direct physical loss to the roof had occurred and attributing the observed conditions to excluded causes. Plaintiffs thereafter submitted additional documentation for reconsideration.

19.

State Farm later classified the claim as “Wind Damage” and identified roof shingle damage, but valued the covered damage below the deductible and allowed nothing for the claimed interior storm-related water damage. Plaintiffs contend that State Farm failed to pay all covered direct and resulting loss.

## V.

## COUNT I – NMMHWA CLAIM AGAINST LEGACY

20.

Plaintiffs incorporate the preceding allegations.

21.

Legacy is a builder under La. R.S. 51:912.3 and owed Plaintiffs the mandatory warranties provided by La. R.S. 51:912.4, including the five-year warranty against major structural defects.

22.

Plaintiffs allege that defects attributable to Legacy affect the roof-framing system and/or related load-bearing portions of the home, impair their intended functions, and have caused recurrent leakage, moisture intrusion, deterioration, and conditions

rendering the home unsafe, unsanitary, or otherwise unlivable. Material symptoms were reported while the home was still new and well before the June 2026 weather event.

23.

Before filing this action, Plaintiffs invoked the Commission process. The Commission accepted the complaint under La. R.S. 51:912.5, inspected the home, and afforded Legacy notice and an opportunity to address the conditions.

24.

Under La. R.S. 51:912.9, Plaintiffs are entitled to recover the reasonable cost of repair or replacement necessary to cure covered defects, subject to the statutory limits, together with reasonable attorney fees and court costs. Plaintiffs seek all relief available under the NMMHWA.

## VI.

## COUNT II – BREACH OF INSURANCE CONTRACT AGAINST STATE FARM

25.

Plaintiffs incorporate the preceding factual allegations concerning State Farm.

26.

The State Farm policy was in force at the time of the June 20, 2026 loss, and Plaintiffs performed or substantially performed their post-loss obligations.

27.

Plaintiffs seek coverage for accidental direct physical loss caused by wind or weather and for covered resulting loss, including interior water damage, to the extent such loss is not otherwise excluded. Plaintiffs do not seek from State Farm the cost of correcting defective construction to the extent that cost is excluded by the policy.

28.

State Farm breached the policy by failing to pay the covered portion of the loss. Plaintiffs seek all policy benefits due, together with other contractual relief allowed by law.

## VII.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, Earl Gary Eastwood, Jr. and Sarah Lynn Lyons Eastwood, request judgment in their favor and against Defendants, as applicable, awarding:

a. Against Legacy, the reasonable cost of repair or replacement necessary to cure all covered defects under the NMMHWA, subject to the statutory limits;

b. Against Legacy, reasonable attorney fees and court costs under La. R.S. 51:912.9;

c. Against State Farm, all covered policy benefits due for the June 20, 2026 loss, including covered resulting loss, subject to the policy terms, limits, and deductible;

d. Prejudgment and post-judgment interest as allowed by law;

e. Taxable costs and all other relief to which Plaintiffs are entitled; and

f. A trial by jury on all issues so triable.

Respectfully submitted,

/s/ David W. Nance
David W. Nance (La. Bar #25467)
DAVID W. NANCE LAW FIRM LLC
3912 Constance Street
New Orleans, Louisiana 70115
Cell: (504) 450-3938
Fax: (504) 355-1669
Email: david@dwnlaw.com
COUNSEL FOR PLAINTIFFS

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, each undersigned Plaintiff declares under penalty of perjury that he or she has read the foregoing Complaint; that the factual allegations concerning matters within his or her personal knowledge are true and correct; and that the remaining factual allegations are true and correct to the best of his or her knowledge, information, and belief.

**EARL GARY EASTWOOD, JR.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Nov. 17, 2026.

Earl G. Eastwood Jr.

Earl Gary Eastwood, Jr.

**SARAH LYNN LYONS EASTWOOD**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on Nov. 17, 2026.

Sarah Lynn Lyons Eastwood

Sarah Lynn Lyons Eastwood